IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OUTLAW LABORATORY, LP, a Texas Limited Partnership<br>   Plaintiff,<br><br>V.<br><br>NB WHOLESALE, INC. d/b/a SILVER STAR IMPORTS, a Texas corporation; TOUCH TELL INC. d/b/a TOUCH TELL COMMUNICATION, a Texas corporation; JAY MAHA DEV, INC. d/b/a EXPRESS FUEL MART #5, a Texas corporation; PM FOUR K INVESTMENT INC., d/b/a PAYLESS BEER AND WINE, a Texas corporation; ASHLEY AU d/b/a GRAND DISCOUNTED GROCERY & BEER, an individual; GARRHON ENTERPRISES, INC. d/b/a SHELL FOOD MART, a Texas corporation; PHONG V. TRAN d/b/a KWIK STOP, an individual; DAVO'S INC. d/b/a GATEWAY #48 SHELL, a Texas corporation; SHIREEN CORP. d/b/a S&S FOOD STORE, a Texas Corporation; S&S FOOD CORPORATION d/b/a SEVEN STAR FOOD MART, a Texas Corporation; LINKIN INC d/b/a 6 PACK EXPRESS, a Texas corporation; SUPERTRACK ARLINGTON, INC. d/b/a SUPERTRACK SHELL, a Texas Corporation; HAFIZ & EMAL LLC d/b/a SHELL, a Texas Corporation; and DOES 1 through 100, inclusive<br>   Defendants. | CIVIL ACTION NO. 3:18-CV-946<br><br>JURY REQUESTED |

## JAY MAHA DEV INC. d/b/a EXPRESS FUEL MART #5
## MOTION TO DISMISS

Defendant JAY MAHA DEV INC. d/b/a EXPRESS FUEL MART #5, ("Co-Defendant" or "Express Fuel Mart"), respectfully move that this Court dismiss Plaintiff, OUTLAW LABORATORY LP's, Complaint for failure to state a claim on which relief may be granted

pursuant to FED R. CIV. P. 12(b)(6).

## I.     FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

1. Plaintiff, a manufacturer and distributor of two sexual enhancement products, alleges generally that Co-Defendant, Express Fuel Mart, is engaged "in a scheme to distribute and sell illegal 'male enhancement' pills." *See Complaint* ¶ 1. Plaintiff alleges a claim against Express Fuel Mart (and multiple other parties) for being in violation of the Lanham Act. *See generally, Complaint*. Plaintiff alleges that these "male enhancement" products contain "hidden drug ingredients such as sildenafil." *Id.* at ¶ 1. Plaintiff states numerous allegations regarding "sildenafil," however, the source of that information is unclear. *See generally, Complaint*. Plaintiff further alleges that Co-Defendant, along with multiple other parties including distributors, and other independent retailers, are all engaged in practices that violate the Lanham Act, in that they knowingly, falsely and misleadingly sell "male enhancement" products that are advertised as "all-natural," with "limited side effects." *Id.* at ¶ 2.

2. Plaintiff alleges that the "Supplier Defendants' contact retailers, like Express Fuel Mart, and offer the "male enhancement" products for sale. *Id.* at ¶ 34. Plaintiff alleges that the "Supplier Defendants" distribute the "male enhancement" products to the "Retail Defendants," which are then sold to consumers "at a large markup on each pill." *Id.*

3. Plaintiff does not identify what marketing Express Fuel Mart does, or to whom. *See generally, Complaint.* Moreover, Plaintiff only generally states that "Defendants have introduced their misleading statements into interstate commerce via . . . advertising on product packaging and labels, and on display cases placed in retail locations. *Id.* at ¶ 58. Defendant, Express Fuel Mart, is not responsible for the packaging of the products sold in its store, nor were they given information regarding any claims made on such packaging.

4. Plaintiff further alleges that it somehow suffered "damages" from Defendants' false and misleading statements. Plaintiff alleges that "Defendants' false and misleading advertising . . . has negatively impacted Plaintiff's sales of [their own products] because both products are intended for sexual performance enhancement and target the same consumer." *Id.* at ¶ 59. Plaintiff provides no factual allegations that support either it's reputational or marketplace damages or how specifically Express Fuel Mart's "false statements" have taken customers from Plaintiff. *See Complaint*. In fact, Plaintiff alleges that the "Defendants" products have a "dramatic pharmacologic effects" that make its own products "struggle to obtain market share," in essence conceding that Plaintiff's products do not have the same pharmacologic effects. *Id.* There are also no allegations that Express Fuel Mart made any disparaging comparisons to Plaintiff's products, or otherwise specifically engaged in or directed any commercial advertising of any specific product. *Id.*

5. Express Fuel Mart now moves this Court to dismiss Plaintiff's Complaint entirely against Express Fuel Mart, pursuant to FED R. CIV. P. 12(b)(6), as it is clear from Plaintiff's alleged "facts," even if true, that Plaintiff's complaint fails to meet the requisite heightened pleading standard for its claims, and similarly fails to state a claim upon which relief can be granted. Further, Plaintiff fails to specifically attribute any actual false conduct to Express Fuel Mart and has only alleged general allegations against it while grouping it with other Defendants in this matter in a manner insufficient to demonstrate the claims asserted against Express Fuel Mart. Accordingly, dismissal of Plaintiff's cause of action as to Express Fuel Mart is appropriate.

## II.   LEGAL STANDARD

6. Pursuant to Federal Rule of Civil Procedure 12(b)(6) a Complaint may be dismissed for "failure to state a claim upon which relief may be granted."

7. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Thus, the plaintiff must "'raise a right to relief above the speculative level.'" *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal* at 1940, quoted in *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721 (S.D. Tex. 2010). Therefore, "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 1949. Thus, a plaintiff must plead more than conclusory allegations to show "plausible liability" to avoid dismissal. *Id.* at 1966.

8. Further, to plead factual allegations that are facially plausible, and show plausible liability that also meet heightened pleading standard applicable to claims premised on fraud, Plaintiff "must state with particularity the circumstances constituting fraud or mistake." FED R. CIV. P. 9(b). Here, Plaintiff's recitation of elements, and failure to utilize the requisite specificity for its claim does not meet the heightened federal standard of facial plausibility required to avoid dismissal pursuant to FED R. CIV. P. 12(b)(6). Accordingly, the claims against Express Fuel should be dismissed.

### III. LEGAL ARGUMENT

**A. Plaintiff's Claim for Violations of the Lanham Act Must Be Dismissed Since Plaintiff Failed to Plead its Complaint with the Requisite Particularity Prescribed by FED R. CIV. P. 9(b)**

9. The general intent of the Lanham Act is to "protect persons engaged in commerce within the control of Congress against unfair competition" — that is, against "injuries to business reputation and present and future sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1389-1390 (2014). To allege a false advertising claim under Section 43, an aggrieved party must allege: (1) a false or misleading statement of fact about a product; (2) that such statement either deceived, or had the capacity to deceive, a substantial segment of potential consumers; (3) the deception is material, in that it is likely to influence the consumer's purchasing decision; (4) the product is in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the statement at issue. *Pizza Hut, Inc. v. Papa John's Intern, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).

10. Although the Fifth Circuit has not held that a heightened pleading standard under FED R. CIV. P. 9(b) applies to allegations of false statements in an unfair competition claim, "there must be some factual allegation about what the alleged misrepresentation was." *Axxiom Mfg., Inc. v. McCoy Invs, Inc.*, No. H-09-3735, 2010 WL 2545584 (S.D. Tex. June 21, 2010).

11. Here, Plaintiff's first claim for Lanham Act violations only alleges facts against Express Fuel Mart by grouping it with either "Supplier Defendants" or for the majority of all allegations, as part of "Defendants." *See generally, Complaint*. Aside from generally alleging "Defendants" in its various general and conclusory allegations, Plaintiff has not specifically delineated which false statements are particularly attributable to Express Fuel Mart, or what statements or advertisements Express Fuel Mart controls and/or directs with respect to any of the "male enhancement" products. *Id.* Instead, Plaintiff alleges vaguely that "Defendants commercially market, advertise, distribute, disseminate, offer for sale and profit from the Enhancement Products." *Id.* at ¶ 50. Plaintiff also alleges that "[t]he Enhancement Products

claim that they are 'ALL NATURAL,' a 'NATURAL FORMULA,' with 'NO HARMFUL synthetic chemicals' and 'NO PRESCRIPTION necessary.'" *Id.* Again, there is no specificity about which of these statements Express Fuel Mart made or to whom they made them (aside perhaps generally from "consumers"). *See generally, Complaint.* Otherwise, Plaintiff merely pleads, "Defendants have knowingly and purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of the Enhancement Products . . ." *Id.* at ¶ 55. This is precisely the type of conclusory allegation that the Court does not have to accept as factual.

12. Plaintiff's allegations do not evidence how Express Fuel Mart specifically is responsible for the alleged "false statements." *Id.* Making such generalized allegations regarding fraudulent misrepresentations does not meet the requisite particularity required by FED R. CIV. P. 9(b).

13. Additionally, nowhere in Plaintiff's theory of an alleged "scheme" does it allege specifically that Express Fuel Mart itself manufactures any product or was responsible for any of packaging or marketing campaign on behalf of any specific product. *See generally, Complaint.* Plaintiff's lack of specificity is fatal to its claim pursuant to the Lanham Act, as it only asserts generalized statements as "facts." Based on Plaintiff's general allegations against Express Fuel Mart, which group it together with "Defendants" or "Retail Defendants," Plaintiff's cause of action pursuant to the Lanham Act should be dismissed.

**B.  Plaintiff's Cause of Action Pursuant to the Lanham Act Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failing to Sufficiently Allege its Damages were Proximately Caused by Express Fuel.**

14. Plaintiff merely recites the requisite elements of a claim pursuant to the Lanham Act, but fails to set forth sufficient allegations that actually support its Lanham Act claim, in particular, Plaintiff fails to adequately allege its proximate cause of injury is due to Express Fuel

Mart's conduct, which is a requisite. *See Complaint*, ¶ 57-59. Accordingly, Plaintiff's allegations against Express Fuel Mart are insufficient, and Plaintiff's Lanham Act claim against Express Fuel should be dismissed.

15. Plaintiff does not assert allegations supporting how such false statements divert potential consumers from utilizing its products, indeed all the consumer would purportedly see is that all of the products are "natural" and do not need a prescription. *Id.*

16. As the Supreme Court has explained in *Lexmark*, the Lanham Act should not be read expansively "to allow all factually injured plaintiff's to recover." *Lexmark* 134 S. Ct. at 1388. The statutory claim extends only to Plaintiffs "whose interests fall within the zone of interests protected by the law invoked," and "whose injuries are proximately caused by violations of the statute." *Id.* at 1390-91.

17. To satisfy this requirement, a plaintiff must allege facts illustrating: (1) "an injury to a commercial interest in reputation or sales" and (2) an "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to without trade from the plaintiff." *Id.* at 1390-91. In addition the alleged harm must have a "sufficiently close connection to the conduct the statute prohibits." *Congoo, LLC v. Revcontent LLC*, 2017 U.S. Dist. LEXIS 183798, *8-18 (D.C.N.J Nov. 3, 2017) (holding that Lanham Act did not apply where there was no sufficiently close connection between the alleged false advertising and the harm suffered).

18. Plaintiff alleges that "Defendants" made false statements regarding "male enhancement" products by claiming to be "all natural" when in fact they contain "sildenafil" amongst other "synthetic ingredients." *See generally, Complaint*. Plaintiff's allegations do not demonstrate that Express Fuel Mart either made false statements about Plaintiff's products, or

how any representations or actual conduct by Express Fuel Mart induced Plaintiff's customers to switch away from Plaintiff's products, or otherwise not purchase it. *Id.* Plaintiff makes wildly general allegations of "loss of revenue, disparagement and loss of good will" however, it fails to make any substantive factual allegations connections how Express Fuel Mart's "false" or "misleading" marketing caused Plaintiff's injury. *Id.*

19. Here, Plaintiff's allegations that it has lost sales, or that its products "struggle to obtain market share," can be attributed to a number of other causes, including, its own marketing campaigns, product effectiveness, other direct competitors, a decrease in the "male enhancement" product demand generally, or a vast increase of other similar suited products. Accordingly, the conclusory recitations of the elements of its cause of action are insufficient to constitute proximate causation, and Plaintiff's cause of action for violations of the Lanham Act against Express Fuel Mart should be dismissed.

### C. Defendant's Claim That Express Fuel Sold "Illicit Products" Should Be Stayed Or Dismissed Because Congress Has Granted Authority To The FDA To Adjudicate The Legality of Dietary Supplements

20. Under the primary jurisdiction doctrine, a Court may refer an issue raised in litigation to an administrative agency for resolution of a particular issue. See *Reiter v. Cooper*, 507 U.S. 258, 268 (1993) ("[C]laims properly cognizable in court [may] contain some issue within the special competence of an administrative agency."). The primary jurisdiction doctrine applies where there is "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in administration." *Maritrend, Inc. v. Galveston Wharves*, 152 F.R.D. 543, 555 (S.D. Tex. 1993) (citing *United States v. General Dynamics Corp.*, 828 F.2d

1356, 1362 (9th Cir. 1987). "Once a district court determines that primary jurisdiction is appropriate, it may either stay proceedings or dismiss the case without prejudice. " *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 2015 U.S. App. LEXIS 5833, *18 (9th Cir. 2015).

21. Pursuant to the FDCA — a comprehensive regulatory scheme — Congress has delegated "broad authority" to the DFA "to regulate food, drug, and dietary supplement products in order to ensure public health and safety." *Nutraceutical Corp. v. Von Eschenbach*, 459 F.3d 1033, 1035 (10th Cir. 2006); see also 21 U.S.C. §§ 301, et seq. With respect to dietary supplements, Congress amended the FDCA in 1994 when it enacted the Dietary Supplement Health and Education Act ("DSHEA"), which "regulates vitamins, minerals, herbs, amino acids, and other dietary substances." *Nutraceutical Corp.*, 459 F.3d at 1035. Thus, for the past 20 years, the DSHEA has been part of the FDCA's comprehensive statutory scheme — with enforcement authority vested in the FDA — which ensures that manufacturers and distributors of dietary supplements are prevented from "marketing products that are adulterated or misbranded." (http://www.fda.gov/Food/DietarySupplements/.)

22. In this case, there is no question that, whether the supplements allegedly sold by Express Fuel Mart are "illicit" or pose a threat to the public, are questions that Congress has placed within the FDA's jurisdiction, including enforcement authority. Thus, the first three requirements for application of the primary jurisdiction doctrine are satisfied. *U.S. v. General Dynamics*, 828 F.2d at 1362.

## CONCLUSION

23. For the reasons discussed, Co-Defendant, Express Fuel Mart, respectfully requests that this Court dismiss the Original Complaint based on Plaintiff's failure to state a claim.

Respectfully submitted,

By: _____

Bailey & Galyen
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Tel. (817) 276-6000
Fax. (817) 276-6010

Leslie J. Burgoyne
Texas Bar No. 24061196
Email: lburgoyne@galyen.com
Attorney for Co-Defendant, JAY MAHA DEV INC d/b/a EXPRESS FUEL MART #5

## ELECTRONIC CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this 24rd day of May, 2018. As such, this motion was served on all counsel who are deemed to have consented to electronic service.

Leslie J. Burgoyne