IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OUTLAW LABORATORY LP | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-0946-L-BK |
| | § | |
| NB WHOLESALE, INC., ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management, including recommended disposition.  Doc. 67.  Pending before the Court are motions to dismiss filed by seven of the Defendants.  Doc. 39; Doc. 47; Doc. 49; Doc. 52; Doc. 62; Doc. 73.  Because the Court concludes that Plaintiff lacks standing to assert any of the claims alleged, the motions should be **GRANTED**, and this case should be **DISMISSED** in its entirety.

I.   BACKGROUND

Plaintiff filed the operative *First Amended Complaint* in June 2018, asserting claims of false advertising against all Defendants (collectively, "Defendants") under section 43(a)(1)(B) of the Lanham Act.[1]  Doc. 37 at 17.  Movant-Defendants are: (1) NB Wholesale, Inc. d/b/a Silver Star Imports ("Silver Star"); (2) Touch Tell Inc., d/b/a Touch Tell Communication ("Touch Tell"); (3) Jay Maha Dev, Inc., d/b/a Express Fuel Mart ("Express Fuel"); (4) Ashley Au, d/b/a Grand Discounted Grocery and Beer ("Grand Discounted"); (5) S&S Food Corporation, d/b/a

---

[1] Codified at 15 U.S.C. § 1125(a)(1)(B).

1

Seven Star Food Mart ("Seven Star"); (6) Linkin Inc., d/b/a 6 Pack Express ("6 Pack Express"); and (7) F&H Enterprise, Inc., d/b/a Shell ("Shell").[2]  Doc. 37.

In its *First Amended Complaint*, Plaintiff alleges that it is the manufacturer of two sexual enhancement products, "TriSteel" and "TriSteel 8hour," and that Defendants Silver Star and Touch Tell distribute different enhancement products to the remaining retailer Defendants, such as: Rhino 7 Platinum 3000; Rhino 7 Platinum 5000; Rhino 8 Platinum 8000; Rhino 12 Titanium 6000; Libigrow XXXTreme; Black Mamba Premium; Black Mamba 2 Premium; Herb Viagra; Triple MiracleZen Gold 1750 mg; Premium Exten Zone 3000; Grande X 5800; Samurai-X; and Boss-Rhino Gold X-tra Strength (the "Enhancement Products").  Doc. 37 at 3.

Plaintiff alleges that Defendants are "engaged in a scheme to distribute and sell illegal 'male enhancement' pills containing undisclosed pharmaceuticals to the general public."  Doc. 37 at 3-4.  Specifically, Plaintiff alleges only one cause of action: that Defendants have knowingly and materially participated in false and misleading marketing and advertising to promote and sell the Enhancement Products, giving consumers the impression that the products are safe and natural dietary supplements when Defendants know that they contain dangerous artificially manufactured prescription drug ingredients.  Doc. 37 at 6, 15-16, 18.  Plaintiff claims that it has been harmed by Defendants' actions because the supplements that Plaintiff produces are more expensive to manufacture, rendering Plaintiff at a commercial disadvantage in

---

[2] Defendants (1) PM Four K. Investment, Inc., d/b/a Payless Beer and Wine; (2) Supertrack Arlington, Inc. d/b/a Supertrack; and (3) Hafiz & Emal, LLC d/b/a Shell were served with the summonses and operative complaint but have not yet entered an appearance.  *See* Doc. 6; Doc. 10; Doc. 12.  Defendant Davo's Inc., d/b/a Gateway #48 Shell was served, has appeared, and has filed an answer.  Doc. 21; Doc. 36.  Defendants Guarav Kunwar and Arun Adhikari, d/b/a S&S Food Store were not served but filed an answer.  Doc. 68.  Summonses were issued for Defendant Phong V. Tran on two occasions, but neither has been returned as executed.  Doc. 4; Doc. 38.

competing against Defendants whose presence in the marketplace tends to disparage Plaintiff's products and goodwill. Doc. 37 at 17-18. Plaintiff seeks injunctive relief, compensatory and punitive damages, restitution, treble damages, costs, and attorney's fees. Doc. 37 at 19.

Movant-Defendants have now filed Rule 12(b) motions to dismiss asserting that Plaintiff lacks Article III and statutory standing and that the *First Amended Complaint* fails to state a claim on which relief can be granted. Because each of the motions advance and/or adopt the same arguments as those presented by Silver Star and Touch Tell in their joint brief, the Court addresses the motions collectively, citing only to the first-filed motion.[3]

## II.   PLAINTIFF LACKS STANDING[4]

Movant-Defendants argue that Plaintiff lacks Article III standing because it does not have an injury that is fairly traceable to Defendants. Doc. 39 at 6. They contend that "Plaintiff has not specifically alleged what the Defendants supposedly did with regard to any particular Enhancement Product so as to cause the purported injury." Doc. 39 at 6. They further aver that Plaintiff has failed to attribute any false statement to them because they never "advertised" that the Enhancement Products were "all natural," and Plaintiff's alleged "injury is too attenuated from any alleged conduct of Defendants." Doc. 39 at 6-7. Finally, they allege that Plaintiff

---

[3] *See, e.g.*, Doc. 47 at 7-8, 10-12 (Seven Star alleging that Plaintiff lacks Article III standing and fails to state a claim under the Lanham Act); Doc. 49 at 3-4 (Grand Discount adopting the arguments set forth in Express Fuel's and Seven Star's motions to dismiss); Doc. 53 at 8-11 (Six Pack Express arguing that Plaintiff lacks constitutional standing and has failed to state a claim under the Lanham Act); Doc. 62 at 3-4 (Shell adopting the arguments set forth in Express Fuel's and Seven Star's motions to dismiss ); Doc. 73 at 2 (Express Fuel adopting the arguments set forth in Silver Star and Touch Tell's motion to dismiss). Similarly, each of Plaintiff's responses to Defendants' motions argue the same points. *See* Doc. 56 at 8, 12; Doc. 57 at 9, 12-14; Doc. 61 at 9, 13; Doc. 70 at 4; Doc. 76 at 5.

[4] Because the Court concludes that Plaintiff lacks Article III standing it does not address Movant-Defendants' motion to dismiss for lack of statutory standing or motion for stay under the primary jurisdiction doctrine, Doc. 39 at 8-9, 11-12, and only addresses Movant-Defendants' Rule 12(b)(6) motions for failure to state a claim in the alternative.

cannot establish the redressability element of standing because the action that "Plaintiff complains of is one taken by the manufacturers of the Enhancement Products." Doc. 39 at 7.

In opposition, Plaintiff argues that no "causal requirement exists at the pleading stage based on the plain reading" of section 1125(a) of the Lanham Act. Doc. 51 at 5. Furthermore, Plaintiff cites extra-circuit cases for the proposition that "to have standing for a false advertising claim, the plaintiff must be a competitor of the defendant and allege competitive injury." Doc. 51 at 8-9 (citing *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 827 (9th Cir. 2011), and *Stanfield v. Osborne Indus, Inc.*, 52 F.3d 867, 873 (10th Cir. 1995)). In addition, Plaintiff claims that because it is seeking injunctive relief, it "need not prove injury when suing to enjoin conduct that violates section 43(a)" of the Lanham Act. Doc. 51 at 10.

Article III of the Constitution requires that a litigant have standing to sue in federal court. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing is a question of jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). As such, the Court must consider a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction before it may address any other challenge. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

When, as here, a defendant raises a "facial attack" on subject matter jurisdiction based on the complaint alone or as supplemented by undisputed facts, the Court must consider the allegations in the complaint as true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient and, thus, not entitled to such deference. *Wells v. Ali*, 304 Fed. Appx. 292, 293 (5th Cir. 2008).

To establish Article III standing, a plaintiff must show that: (1) it "has suffered, or imminently will suffer, a concrete and particularized injury-in-fact, (2) the injury is fairly

traceable to the defendant's conduct, and (3) a favorable judgement is likely to redress the injury." *Miss. St. Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008) (quoting *Houston Chronicle Publ'g Co. v. City of League City, Tex.*, 488 F.3d 613, 617 (5th Cir. 2007)). Here, Plaintiff plainly fails to meet that burden as to the second and third elements.[5]

As an initial matter, Plaintiff's assertion that no "causal requirement exists at the pleading stage" of a Lanham Act claim is patently incorrect. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002) (raising *sua sponte* a plaintiff's lack of Article III standing for his Lanham Act claim and noting that "there must be a causal connection between the injury and the conduct complained of" (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Moreover, even if *Stanfield* were binding on this Court, its holding has been abrogated. *See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 124, 140 (2014) (affirming that Article III's standing requirement applies to false advertising claims under the Lanham Act).

The second element of Article III standing requires "a causal connection between the injury and the conduct complained of," *Lujan*, 504 U.S. 555 at 560, and "often turns on the nature and source of the claim asserted." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Warth*, 422 U.S. at 500). Because Plaintiff asserts claims for false advertising under the Lanham Act, its allegations must demonstrate that its injuries are causally connected to Defendants' actions.

---

[5] Plaintiff's arguments regarding the harm allegedly caused it by Defendants' actions, Doc. 51 at 9, are of no moment. Defendants do not dispute that Plaintiff has alleged an injury, Doc. 59 at 4, and the Court need not reach the issue because Plaintiff has failed to establish the second and third elements of Article III standing.

5

In its *First Amended Complaint*, Plaintiff repeatedly asserts in conclusory fashion that Defendants made false and misleading statements. *See, e.g.,* Doc. 37 at 4-5 ("Defendants have knowingly and materially participated in a false and misleading advertising campaign."); Doc. 37 at 5 ("Such false and misleading marketing and advertising is extremely dangerous to individual consumers."); Doc. 37 at 15 ("Defendants' false statements and advertising pose extreme health risks to consumers.") These allegations lack factual enhancement, however, and are thus insufficient to support a causal connection between Plaintiff's alleged injuries and Defendants' alleged conduct.

Moreover, while Plaintiff does specify five allegedly false statements: "no prescription necessary," "natural formula," "no harmful synthetic chemicals"—"ALL NATURAL," and "NO HEADACHE"—Plaintiff does not attribute these statements to any of the Defendants. Doc. 37 at 10-15. Indeed, Plaintiff *cannot* do so because it alleges that the statements are found on the Enhancement Products' labels. *See* Doc. 37 at 10 ("Rhino 8 Platinum 8000 claims that there is 'no prescription necessary' and that it is a 'natural formula.'"); Doc. 37 at 11 ("Rhino 7 Platinum 3000 claims that there is 'no prescription necessary' and that it is a 'natural formula.'"); Doc. 37 at 15 ("The Enhancement Products claim that they are 'ALL NATURAL,' a 'NATURAL FORMULA,' with 'NO HARMFUL synthetic chemicals' and 'NO PRESCRIPTION necessary.'") (emphasis in original). Plaintiff also has attached to the *First Amended Complaint* exhibits showing the labels of the Enhancement Products containing the alleged false statements.[6] *See* Doc. 37-2 at 2 (showcasing Rhino 777 with the statement "No Headache");

---

[6] Because Plaintiff's exhibits are part of its complaint, the Court may consider them in determining the motions to dismiss. *See Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008) (holding that in ruling on a Rule 12(b)(1) motion to dismiss, the Court may consider "the complaint alone," "the complaint supplemented by the undisputed facts evidenced in the record," or "the complaint supplemented by undisputed facts plus the court's

6

Doc. 37-3 at 4 (showing Rhino 7 Platinum 3000 with the statement "No Headache"). As mentioned previously, Plaintiff clearly identifies Defendants only as distributors and retailers of the Enhancement Products. Doc. 37 at 3-4.[7]

Furthermore, throughout the *First Amended Complaint*, Plaintiff repeatedly distinguishes its allegations that Defendants sold or distributed the Enhancement Products from its allegations of the purported false statements on the packaging. As example:

> **Express Fuel Mart is the owner and operator of [a retail store] which advertises and offers for sale various sexual enhancement supplements**, including, without limitation, Libigrow XXXTreme and Rhino 8 Platinum 8000. **Rhino 8 Platinum 8000 claims** that there is "no prescription necessary" and that it is a "natural formula." In reality Rhino 8 Platinum contains sildenafil, a synthetic drug available by prescription only. Accordingly, these statements are false and misleading to consumers.
>
> \*\*\*
>
> **The Defendants commercially market, advertise, distribute, disseminate, offer for sale and profit** from the Enhancement Products. **The Enhancement Products claim** they are "ALL NATURAL," a "NATURAL FORMULA," with "NO HARMFUL synthetic chemicals" and "NO PRESCRIPTION necessary." They also claim to offer "NO HEADACHE" and to have limited side effects. However, such claims are materially false and misleading. Contrary to Defendants' statements, recent FDA laboratory analysis have confirmed that the Enhancement Products contain sildenafil . . .."

Doc. 37 at 10-15 (emphasis in bold added). Plaintiff never directly alleges that Defendants made the allegedly false statements. Nor does Plaintiff allege that Defendants manufacture, produce, or package the Enhancement Products with the alleged false statements. Indeed, Plaintiff claims that the Enhancement Products are imported into the United States and packaged by an unknown "manufacturer." Doc. 37 at 10.

---

resolution of disputed facts."); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) ("The exhibits attached to the complaint, however, are part of the complaint 'for all purposes.'" (quoting FED. R. CIV. P. 10(c))).

[7] Notably, Plaintiff has not named as Defendant any manufacturer of the Enhancement Products.

Plaintiff's allegations that Defendants merely sell and disseminate the Enhancement Products, Doc. 51 at 9, are insufficient to demonstrate a causal connection between Plaintiff's alleged injuries and Defendants' actions. Thus, they fail to support Article III standing for a Lanham Act false advertising claim. *See Lujan*, 504 U.S. 555 at 560 (requiring "a causal connection between the injury and the conduct complained of"). Consequently, as Plaintiff's alleged injuries are not "fairly traceable" to Defendants, Plaintiff has failed to satisfy the second element of standing.

Similarly, Plaintiff cannot satisfy the third element of standing, redressability, because any order entered by the Court would not bind the person or entity responsible for making the allegedly false statements. *See Hancock Cty. Bd. of Sup'rs v. Ruhr*, 487 Fed. Appx. 189, 197 (5th Cir. 2012) ("the proper focus of the redressability inquiry . . . is whether, assuming that the requested relief is granted, that relief will likely redress the plaintiffs' injuries").

Consequently, Defendants' motion to dismiss for lack of Article III standing should be **GRANTED**.

### III.   ALTERNATIVELY, PLAINTIFF FAILS TO STATE A CLAIM

Even if, *arguendo*, Plaintiff satisfied the elements of Article III standing, its *First Amended Complaint* fails to state a plausible claim under Rule 12(b)(6).

Movant-Defendants also argue that Plaintiff's claim should be dismissed under Rule 12(b)(6) because Plaintiff has not alleged that Defendants directly made any false statement about the Enhancement Products and, in fact, entirely "fails to mention even once how [the] allegedly false statements were conveyed, who conveyed them, to what parties they were conveyed to [sic], or how they were made by Defendants." Doc. 39 at 10. Movant-Defendants further argue that they "never advertised or promoted" the Enhancement Products as "all

natural." Doc. 39 at 10.  Finally, Movant-Defendants allege that Plaintiff's allegations do not establish that any action "by Defendants induced customers to stop purchasing Plaintiff's products." Doc. 39 at 10.

Relying on the opinions of two district courts outside of this Circuit, Plaintiff responds that courts "have consistently held that anyone who misrepresents goods or places such misrepresented goods in commerce can be liable under the Lanham Act." Doc. 51 at 11-12. Furthermore, Plaintiff argues that "the Lanham Act does not require that a false or misleading statement be made willfully or with an intent to deceive." Doc. 51 at 12.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Id.*

To state a claim for false advertising under the Lanham Act against a defendant, a plaintiff must allege:

(1) A false or misleading statement of fact about a product;

(2) Such statement either deceived, or had the capacity to deceive a substantial segment of potential consumers;

(3) The deception is material, in that it is likely to influence the consumer's purchasing decision;

(4) The product is in interstate commerce; and

(5) The plaintiff has been or is likely to be injured as a result of the statement at issue.

*Pizza Hut, Inc.*, 227 F.3d at 495; *Logan v. Burgers Ozark County Cured Hams, Inc.*, 263 F.3d 447, 462 (5th Cir. 2001). As detailed *supra*, Plaintiff fails to connect the making of any purportedly false statement to Defendants and thus fails to allege the first essential element of false advertising.

Moreover, Plaintiff's reliance on the holding in *JST Distribution, LLC v. CNV.com, Inc., et al.*, (C.D. Cal. Mar. 7, 2018), that "the fact that [a] Defendant did not actually author or create [an] allegedly false advertising [did] not shield it from liability given that the basis of [the] [p]laintiff's claim [was] that [the] [d]efendant used, promoted, and disseminated the false advertising through its website," is misplaced. The opinion of the California district court is not binding on this Court and, more importantly, it is directly contradicted by Fifth Circuit precedent. The Court of Appeals for the Fifth Circuit and this Court have unequivocally held that a plaintiff must allege a false statement made by the defendant as part of its claim for false advertising under the Lanham Act. *See Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001) (holding that for a plaintiff to "establish a claim under the false advertising prong of the Lanham Act," the plaintiff must allege, *inter alia*, that "the defendant made a false statement of fact about its product"); *King v. Ames*, 179 F.3d 370, 374 (5th Cir. 1999) ("Persons bringing an action pursuant to [the Lanham Act] must demonstrate that . . . defendants made false statements of fact."); *S&H Industries, Inc. v. Selander*, 932 F.Supp.2d 754, 762 (N.D. Tex. 2013) (Lynn, J.) ("To establish a prima facie case for false advertising under § 43(a), a plaintiff must show that . . . the defendant made a false or misleading statement of fact about a product.").

Moreover, Plaintiff's reliance on the holdings of the District Court for the Southern District of New York in *Gucci American, Inc., v. Action Activewear, Inc.* 759 F. Supp. 1060

10

(S.D.N.Y. Mar. 28, 1991) and *Grant Airmass Corp. v. Gaymar Industries, Inc.*, 645 F. Supp. 1507 (S.D.N.Y. Oct. 20, 1986) is likewise misplaced.  In addition to the decisions having no precedential value, neither case is even remotely analogous to the case *sub judice*.  In *Gucci American, Inc*. the New York district court addresses plaintiff's claims of trademark infringement and unfair competition, holding that the plaintiff show that the defendants' use of a trademark created a likelihood of confusion as to the source of the goods.  In *Grant Airmass Corp.*, the plaintiff sued a research firm for publishing false, negative claims in a comparative study of the products offered by the plaintiff, which study was then disseminated by the plaintiff's direct competitor.  *Grant Airmass Corp*., 645 F. Supp. 1507 at 1512.  Again, here, Plaintiff neither alleges nor proffers any facts from which it can be inferred that Defendants made any false statements.

Finally, Plaintiff's argument that it has alleged in its *First Amended Complaint* that Defendants sell the Enhancement Products misses (or ignores) the salient issue.  Doc. 51 at 12.  While its *First Amended Complaint* does allege that Defendants sell and distribute the Enhancement Products, Plaintiff nevertheless fails to sufficiently allege that either Defendant made any of the false statements complained of.

For these reasons, Plaintiff has also failed to state a viable claim, such that Movant-Defendants would be entitled to relief under Rule 12(b)(6) if Plaintiff had standing.  *Pizza Hut, Inc.*, 227 F.3d at 495.

## IV.   LEAVE TO AMEND NOT REQUIRED

Plaintiff requests that it be permitted to replead if Movant-Defendants' motions to dismiss are granted.  Ordinarily, a plaintiff should be granted leave to amend its complaint prior to dismissal.  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Plaintiff already has amended once, however.  Moreover, considering the factual bases of Plaintiff's sole cause of action, Plaintiff cannot cure its lack of Article III standing to bring the Lanham Act false advertising claims it has twice attempted to assert.  *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).  Thus, allowing Plaintiff to again amend its complaint would be futile and cause unnecessary delay.

## V. RECOMMENDATION

For the foregoing reasons, Defendants' motions to dismiss, Doc. 39, Doc. 47, Doc. 49, Doc. 52, Doc. 62, and Doc. 73, should be **GRANTED** in part.  Plaintiff's claims against *all* Defendants should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  As no claims will remain pending, the Clerk of the Court should be directed to close this case.

**SIGNED** on February 11, 2019

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).